Cause No. 4:22 CV 0717

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

GABRIEL RODRIGUEZ

PLAINTIFF

V.

DEFENDANT JUDGE ORLANDO RODRIGUEZ

(CIVIL RIGHT VIOLATION, 1985)

DEFENDANT EX-JUDGE ROMERO MOLINA

(CIVIL RIGHT VIOLATION, 1985)

DEFENDANT CRAIG STEPHEN SMITH

(CONSPIRACY, THEFT, FRAUD ON THE COURT, 1985)

DEFENDANT JOEL VILLAREAL, MAYOR

(CONSPIRACY, USE OF HIS OFFICE TO AID AND FURTHER
CONSPIRACY)

DEFENDANT VICTOR CANALES JR.

(401 N. BRITTON AVE, ROOM 405)

United States Courts
Southern District of Texas
F I L E D

MAR 07 2022

Nathan Ochsner, Clerk of Court

DEFENDANT JANE DOE

(FRAUD AND CONSPIRACY)


DEFENDANT JOHN DOE

(CIVIL RIGHTS VIOLATION UNDER 1983 AND CONSPIRACY)


DEFENDANT CITY OF RIO GRANDE CITY


III.　　　　　　　GRIEVANCES PROCEDURES:

Have you exhausted all steps of the grievance procedure? __ YES _X__ NO

**THERE IS NO GRIEVANCE PROCEDURE IN THIS CAUSE**


IV.　　PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Gabriel Rodriguez 1615 W 3 Mile Rd Mission, Texas 78373

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: Judge Orlando Rodriguez – Starr County Court at Law 401 N. Britton Ave. Room #305 Rio Grande City, TX 78582

Briefly describe the act(s) or omission(s) of the defendant which you claimed harmed you.

Committed fraud and conspiracy in violation of 1985.

Defendant #2: Ex-County Judge Romero Molina 504 N. Britton Ave, Rio Grande City, Texas 78582-2612

Briefly describe the act(s) or omission(s) of the defendant which you claimed harmed you.

Civil Rights violation; fraud and conspiracy.

Defendant #3: Craig Stephen Smith 14493 S. Padre Island Dr. Ste A PMB 240, Corpus Christi, Texas 78418-5939.

Briefly describe the act(s) or omission(s) of the defendant which you claimed harmed you.

Civil Rights violation; theft; fraud and conspiracy


Defendant #4: Rene "Orta" Fuentes 102 E 6th Street Rio Grande City, Texas 78582

Briefly describe the act(s) or omission(s) of the defendant which you claimed harmed you.

Civil Rights violation; theft; fraud and conspiracy under the color of law, 1985.

Defendant #5 Calixtro Villareal City Attorney 5332 E. Highway 83, Rio Grande City, TX 78582

Briefly describe the act(s) or omission(s) of the defendant which you claimed harmed you.

Conspiracy 1985.


## V. STATEMENT OF CLAIM:


State here in a short and plain statement the facts of your case, that, is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra page(s) if necessary but remember, the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

In 2004-2005 Judge Romero Molina violated Gabriel Rodriguez's Civil Rights under 1983 & 1985 by entering a judgment on a closed probate, in which his fellow conspirator's aided in the Theft of land in Starr County, Texas. By their conduct stole land approximately 2000 acres of land; oil and gas mineral rights; houses; threatened to kill family; illegal trail; illegal judgements; violation of due process of law; violation of civil rights act of 1984; violation of 5th and 14th Amendment of the United States Constitution.

## VI. RELIEF:

State briefly exactly what you want the court to do for you.    Make no legal arguments. Cite no cases or statutes.

The Plaintiff is suing for $250,000,000.00 Dollars for harm, injuries, and the land theft by all parties.

## VII. GENERAL BACKGROUND INFORMATION

A. State in complete form all names you have ever used or been known by including any and all aliases.

Gabriel Rodriguez

B.  List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison of FBI numbers ever assigned to you.

## VIII. NO SANCTION

A. Have you ever been sanctioned by any court as a result of any lawsuit you have filed? ___ YES   _X__ NO

B.  If your answer is "yes," give the following information for every lawsuit in which sanction were imposed. (If more than one, use another paper and answer the same questions.)

1.  Court that imposed sanctions (if federal give the district and division.): _____

2.  Case number: _____

3.  Approximate date sanctions were imposed: _____

4. Have the sanctions been lifted or otherwise satisfied?      ____YES _____ NO

C. Has any court ever wanted or notified you that sanction could be imposed ____ YES   _X__ NO

D.  If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1.  Court that issued warning (if federal, give the district and

division):_____

2. Case number: _____

3. Approximate date warning was issued: _____

Executed on: _____                    _____

                 DATE                                        (Signature of Plaintiff)

Notary

1.  I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.

2.  I understand, if I am released to transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in dismissal of this lawsuit.

3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility to state a claim upon which relief may be granted unless I am under imminent danger of serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this _____ day of _____ ,20 _____

           (Day)                        (month)           (year)

 

                               _____

                               _____

                                   (Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

State of Texas

County of HIDALGO

    This instrument was acknowledged before me on _____

by _____

_____
       (Signature)


                       Notary Public of Texas

                       NAME PRINTED: _____

                       COMM EXP: _____

NOTARY SEAL

                       Signature: _____

**42 U.S.C. 1983 AND U.S.C. 1985 (C) LAWSUIT FOR CIVIL RIGHTS VIOLATION**

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S LAWSUIT**

## I. BACKGROUND

In 1987 the probate of Santiago Rodriguez Jr. was Final and Closed. In 2000, the Fourth Court of Appeals made a ruling in Garza V. Rodriguez, 18 S.W. 694 (Tex. App. 2000). The 4-year Statute of Limitations had passed, and in 2004-2005, under Fraudulent concealment, Starr County Court at Law Judge Romero Molina, granted a judgment in violation of due process of law, violation of equal protection of law and entered several conspiracies with Craig Stephen Smith, and fellows to steal real property from the Plaintiff Mr. Gabriel Rodriguez, under the color of State Law. The two Judges forfeit absolute Judicial Immunity by committing crimes and deprivations of Civil Rights in a conspiracy with others. [42 U.S.C. 1983, 1985]

## II. JURISDICTION

Under 42 U.S.C. 1983, 1985; 28 U.S.C. 1343(a); 28 U.S.C. 1331; the District Courts shall have original jurisdiction of any Civil Action authorized by law to be commenced by any person; (i). to recover damages for injury to his person or property or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in Section 1985 of Title 42; (ii). To recover damages any person who fails to prevent or to act in preventing any wrongs mentioned in Section 1985 of Title 42 which he had knowledge were about to occur and power to prevent; (iii). To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or wage, of any right, privilege of immunity secured by the Constitution of the United States or by an Act of Congress providing for equal rights of citizen or of all person withing the jurisdiction of the United States. (iv). To

recover damages or to secure equitable or relief under any Act of Congress providing the protection of civil rights, including the right to vote.

### III. [42 U.S.C. § 1983] - Civil action for deprivation of rights

 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

### IV. [42 U.S. Code § 1985] - Conspiracy to interfere with civil rights

**(3) Depriving persons of rights or privileges**

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any

citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

## V. Statement of the Case

Petitioner states that each Defendant has violated my civil rights or committed conspiracy in that, by the operation of fraud and conspiracy, the Honorable Judge Romero Molina violated my civil rights by entering a judgment violating due process of law and equal protection of law in State Court. In 2004-2005 the judge granted a judgment in the Starr County Court at Law, PR 9837 (B) & (C), And aiding Craig Stephen Smith to commit theft of real property by violation of the State Law; *Id.*; that in 1987 the probate of Santiago Rodriguez Jr. was closed, and 4 limitations had passed, thus by Judge Romero Molina taking the property from the rightful owner in the civil rights violation and conspiracy. [42 U.S. Code § 1985]. Fraudulent Concealment of the conduct until 2021 June 14th, this fraud continued for 17 years to prevent. Craig Stephen Smith knew that the statute of limitations had passed and entered int a willful conspiracy with Judge Romero Molina and fellows to steal Mr. Gabriel Rodriguez's land, real property; mineral rights; and by said action, caused the death of Olivia O. Rodriguez (Santiago Rodriguez Jr.'s widow), by the illegal conduct. This land was in the family for over 400 years. We were evicted from our homestead, and land, by the support of Starr County Law Enforcement, all done under the color of law.

    1. Joel Villareal, Mayor, aided and in the furtherance of the conspiracy. Policy maker and lead conspirator.

    2. Victor Canales Jr. aided and committed actions in the cover-up for the conspirator.

3. Jane Doe, aided in the cover-up.

4. John Doe, aided in the furtherance of the conspiracy.

(All were employed by Rio Grande City and County of Starr).

5. Starr County Sheriff Rene "Orta" Fuentes, aided in the conspiracy and allowed armed men to come on the property/homestead with force and made the family leave the land. Aided in the furtherance of the conspiracy. This complaint is brought under [42 U.S. Code § 1983, 1985, 1986], for the deprivation of rights in a theft of land and conspiracy and crimes, also requested to compel the Federal Bureau of Investigation (FBI) or other appropriate authorities to cause investigation, indictment and of investigation of the conspirator.

6. Judge Orlando Rodriguez, knew the judgment given to Craig Stephen Smith was a Void Judgment and aided the conspirators in the furtherance of the conspiracy.

Violation abuse of discretion, willfully violating the provisions of Texas Statutes and well-established case law, committing crimes and offenses to the court. The United States Constitution provides for equal protection of Texas Laws. The Defendants in the criminal conspiracy violated clearly expressed laws, some prohibitive, and some for which there was no authority to do what was done and violated the 14th Amendment right to equal protection of law and due process of law.

The Defendants invaded Gabriel Rodriguez's many protected interests so there should be a civil cause of action for every violation.


## VI. Distortion of Facts in Starr County Court

The case at hand began as a probate scheme. In 2000, the Fourth Court of Appeals made a clear statement that Mr. Gabriel Rodriguez is the owner of land, and the 4-year statute of limitations had passed. Thus in 2003-2004, the Defendant Craig Stephen Smith, knowingly, distorted facts. Also, in 2007, Craig Stephen Smith once again, distorted to the Fourth Court of Appeals to further the conspiracy for himself and his fellows. The Petitioner has stated a claim of civil rights violations under the color of state law. Violation of due process of law and equal protection of the law. The Honorable Court has subject matter jurisdiction. A claim has facial plausibility when the Petitioner's complaints factual content all the court to draw the reasonable influence that the Defendants are liable. [*Ashcroft v. Iqbal*] 556 U.S. 662, 129 S. Ct. 1937 (2009).

The Petitioner invokes protection under the 14th Amendment of the United States Constitution. The conspirators came together, in one mind, to steal and take control of Mr. Gabriel Rodriguez's land, and mineral rights. The Defendants for the last 17 years have been receiving the Petitioner's checks for the oil companies, the Petitioner requests these funds returned.

## 42 U.S.C. § 1983

In full, 42 U.S.C. § 1983 now provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

- Both Congress and President Ulysses S. Grant recognized that "remedy[ing] this situation required a further shift in the federal-state balance towards a greater, although still limited, national role in the internal operations of the states." Developments in the Law at 1153.

Accordingly, "[o]n March 23, 1871, President Grant requested emergency legislation in a special message, stating that a virtual state of anarchy existed in the South and affirming that the states were powerless to control the widespread violence" *Id.* Congress responded by enacting the Civil Rights Act of 1871 on month later "to provide civil rights protection against official inaction and the toleration of private lawlessness." *Id.* In describing the 1871 Act's objective, members of Congress focused on the need for a federal remedy to address the complicity of state actors (active or otherwise) in enabling private actors to violate recognized federal constitutional rights:

- "Sheriffs, having eyes to see, see not; judges, having ears to hear, hear not; witnesses conceal the truth or falsify it; grand and petit juries act as if they might be accomplices ……[A]ll the apparatus and machinery of civil government, all the processes of justice, skulk away as if government and justice were crimes and feared detection. Among the most dangerous things an injured party can do is to appeal to justice" Cong. Globe 42d Cong. 1st Sess. App. 78 (1871) (remarks of Rep. Perry).

- "It is said that the States are not doing the objectionable acts. This argument is more specious than real…...What practical security would this provision give if it could do no more than to abrogate and nullify the overt acts and legislation of a State?" *Id.* at 375(remarks of Rep. Lowe).

- "[E]leven where the laws are just and equal on their face, yet by a systematic maladministration of them, or a neglect or refusal to enforce their provisions, a portion of the people are denied equal protection under them." *Id.* at 153 (remarks of Rep. (and later President) Garfield).

- "The principal danger that menaces us today is from the effort within the States to deprive considerable numbers of persons of the civil and equal rights which the General Government is endeavoring to secure to them." *Id.* at 335 (remarks by Rep. Hoar).

- "Governors, judges, and juries give way to a mania which sometimes seizes hold of the popular mind." *Id.* at 365 (remarks of Rep. Sheldon).

- "[T]he States do not protect the rights of the people…. [and] State courts are powerless to redress these wrongs. The great fact remains that large classes of people…. Are without legal remedy in the courts of the States." *Id.* at 252 (remarks on Sen. Morton).
- [T]he courts are in many instances under the control of those who are wholly inimical to the impartial administration of law and equity." *Id.* at 394 (remarks of Rep. Rainey).
- "[The decisions of the county judges," who have "almost without exception" exercised powers "against Republicans without regard to law or outrageous violation, and evasions of the spirit of the new constitution. . . "Id. at 186 (remarks of Rep. Platt).

## Prayer

Wherefore the Plaintiff prays that the Honorable Court grant relief in the interest of justice. Thank you!

Respectfully Submitted,

Rhonda Ross

_____§§_____

Attorney for Plaintiff

Law offices of Rhonda S. Ross

121 East 12th

Suite 6

Houston, TX 77008

Bar no: 17299600

Phone: (281) 216-8778

Email: rhonda@rhondarosssattorney.com

## Certificate of Service

Mail to:

The United States District Court

For The Southern District of Texas Houston Division

Bob Casey United States Courthouse
515 Rusk Avenue
Houston, TX 77002

Judge Orlando Rodriguez

Starr County Court at Law

401 N. Britton Ave. Room #305

Rio Grande City, TX 78582

Ex-County Judge Romero Molina

504 N. Britton Ave.

Rio Grande City, Texas 78582-2612

Craig Stephen Smith

14493 S. Padre Island Dr. Ste A PMB 240

Corpus Christi, Texas 78418-5939

Sheriff Rene "Orta" Fuentes

102 E 6th Street Rio Grande City, Texas 78582

Calixtro Villareal City Attorney

5332 E. Highway 83, Rio Grande City, TX 78582


Mayor Joel Villarreal
5332 E. HWY 83
Rio Grande City, TX 78582

Victor Canales Jr.
401 N. Britton Ave., Room #405
Rio Grande City, TX 78582

Exhibit A.

The 1987 Order

155760    IN THE COUNTY COURT-AT-LAW
OF STARR COUNTY, TEXAS
SITTING IN PROBATE

**OFFICIAL RECORDS**

IN THE MATTER OF THE ESTATE      X

OF SANTIAGO RODRIGUEZ, JR.,      X          CAUSE NO:  PR-86-19

DECEASED.      X

ORDER GRANTING INDEPENDENT ADMINISTRATION

On this day came on to be heard the sworn Application for
Letters of Independent Administration for the Estate of Santiago
Rodriguez, Jr., deceased, ("Decedent"), wherein Olivia Rodriguez,
widow of Santiago Rodriguez, Jr., deceased, and Gabriel
Rodriguez, son of Santiago Rodriguez, deceased, are the
Applicants and Decedent's living heirs whose names and
whereabouts are unknown and heirs suffering legal disability are
Defendants, and it appears to the Court, and the Court so finds
that all parties interested in the Estate of Decedent have been
duly and legally served with citation as required by law; that
the Court appointed an attorney ad litem to appear and answer and
to represent the Defendants and such attorney ad litem did so
appear and filed an answer for the Defendants; that this Court
has jurisdiction of the subject matter and all persons and
parties; that the evidence presented and admitted fully and
satisfactorily proves each and every issue presented to the
Court; that Decedent died intestate and that the heirship of
Decedent has been fully and satisfactorily proved as well as the
identity of the nature of Decedent's property as being separate
or community and the interest and shares of each of the heirs
therein; that all distributees of the Decedent request that no
other action shall be had in the County Court in relation to the
settlement of Decedent's Estate other than the return of an
Inventory, Appraisement and List of Claims as required by law,
and all distributees of the Decedent agree that the Estate should
be independently administered by Gabriel Rodriguez, who is
qualified and not disqualified to act as Independent

Administrator; and that a necessity exists for the administration of this Estate.

It is, therefore, order, adjudged and decreed by the Court that the following names and places of residence are those of the only heirs of Decedent and their respective shares and interest in the separate and community property of Decedent, which is described in Attachment A of this order and which Attachment A is incorporated by reference, is set to forth below.

Name: Olivia P. Rodriguez

Place of Residence: General Delivery, Delmita, Starr County, Texas.

Share of Real Property: One half of the community property (of Decedent's one-half) described in Attachment A attached hereto and one third life estate to separate property described in Attachment A.

Share of Personal Property: One half of personal property (of Decedent's one half) including cash as described in Attachment A.

Name: Gabriel Rodriguez

Place of Residence: General Delivery, Delmita, Starr County, Texas.

Share of Real Property: One half of community property (of Decedent's one-half) and two thirds of the separate property described in Attachment A.

Share of Personal Property: One half of personal property (of Decedent's one half) including cash as described in Attachment A.

It is further ordered, adjudged and decreed that no appraisers are to be appointed in this Estate.

It is further ordered, adjudged and decreed that the attorney ad litem appointed to represent the interest of the Defendants be, and he is hereby, allowed a fee of $150.00, such fee to be taxed as part of the costs.

It is further ordered, adjudged and decreed that Gabriel Rodriguez is hereby appointed Independent Administrator of the Decedent's Estate and shall give Bond in the amount of

Administrator; and that a necessity exists for the administration of this Estate.

It is, therefore, order, adjudged and decreed by the Court that the following names and places of residence are those of the only heirs of Decedent and their respective shares and interest in the separate and community property of Decedent, which is described in Attachment A of this order and which Attachment A is incorporated by reference, is set to forth below.

Name: Olivia P. Rodriguez

Place of Residence: General Delivery, Delmita, Starr County, Texas.

Share of Real Property: One half of the community property (of Decedent's one-half) described in Attachment A attached hereto and one third life estate to separate property described in Attachment A.

Share of Personal Property: One half of personal property (of Decedent's one half) including cash as described in Attachment A.

Name: Gabriel Rodriguez

Place of Residence: General Delivery, Delmita, Starr County, Texas.

Share of Real Property: One half of community property (of Decedent's one-half) and two thirds of the separate property described in Attachment A.

Share of Personal Property: One half of personal property (of Decedent's one half) including cash as described in Attachment A.

It is further ordered, adjudged and decreed that no appraisers are to be appointed in this Estate.

It is further ordered, adjudged and decreed that the attorney ad litem appointed to represent the interest of the Defendants be, and he is hereby, allowed a fee of $150.00, such fee to be taxed as part of the costs.

It is further ordered, adjudged and decreed that Gabriel Rodriguez is hereby appointed Independent Administrator of the

$ _10,000_ ⁰⁰ , conditioned as required by law, and the Clerk of this
Court shall issue Letters of Independent Administration when the
Independent Administrator has qualified according to law, and no
other action shall be had in this Court in relation to the
settlement of Decedent's Estate other than the return of an
Inventory, Appraisement and List of Claims as required by law.

Signed and entered on this the _84ᵗʰ_ day of
_April_ , 19_87_ .

JUDGE PRESIDING

MARGIL SANCHEZ, JR.
ATTORNEY FOR APPLICANTS
BAR CARD NO. 17570800

JESUS/MARIA ALVAREZ
ATTORNEY AD LITEM
FOR DEFENDANTS
BAR CARD NO. 01126960

Exhibit B.

Garza V. Rodriguez 18 S.W. 694 (Tex. App. 2000)

that permits an arbitration provision in an engagement letter only if: (1) the advantages and disadvantages are fully disclosed by the attorney; (2) the client is advised of his right to consult independent counsel and is given the opportunity to do so; and (3) the client's consent is in writing. *See* Clark, 84 IOWA L. REV. at 857–58. Both the District of Columbia and Michigan have taken a more restrictive approach and prohibit arbitration clauses in engagement letters unless the client has the advice of independent counsel. *See id.* at 858–863. Finally, Ohio has taken the most restrictive approach and simply prohibits pre-dispute arbitration agreements between attorneys and their clients. *See id.* at 862–64. Ohio reasons that requiring a client to hire a lawyer in order to hire a lawyer sends the wrong message. *See id.* at 863.

Public policy mandates that some restrictions must be placed on an attorney's ability to include an arbitration provision in an engagement letter. Because no such restrictions were imposed in this case, I would conclude that the arbitration clause violates public policy and affirm the trial court's ruling. I respectfully dissent.



**Francisca Rodriguez GARZA, Lilia R. Guerra, Eusebia R. Corona, Petra R. Rodriguez, and Apolinar Rodriguez, Appellants,**

**v.**

**Olivia Olivarez RODRIGUEZ and Gabriel Rodriguez, Appellees.**

No. 04-98-00919-CV.

Court of Appeals of Texas, San Antonio.

Jan. 26, 2000.

Rehearing Overruled March 31, 2000.

Heirs of sister of testator brought suit to construe previously probated will claim-ing springing executory interest in estate. The 229th Judicial District Court, Starr County, Ricardo H. Garcia, J., dismissed. Heirs appealed. The Court of Appeals, Stone, J., held that district court did not have jurisdiction over action which sought to undo prior probate order entered by constitutional county court.

Affirmed.

**1. Executors and Administrators ⟐513(8)**

After constitutional county court entered order discharging administrator and closing estate, its jurisdiction over probate proceeding ended, and it had no power to enter any further orders.

**2. Appeal and Error ⟐893(1)**

Challenge to district court's jurisdiction over petition to construe will that was previously probated in constitutional county court presented question of law, and thus Court of Appeals would review district court's determination of subject matter jurisdiction de novo.

**3. Appeal and Error ⟐911.3**

In conducting review of challenge to jurisdiction of district court over petition to construe will that was previously probated in constitutional county court, the Court of Appeals would take as true facts pled in petition.

**4. Wills ⟐257**

County court empowered with probate jurisdiction may only exercise its probate jurisdiction over matters incident to an estate when a probate proceeding related to such matter is already pending. V.A.T.S. Probate Code, § 5(d).

**5. Wills ⟐257**

Under the statutory scheme of probate jurisdiction, a district court can exercise jurisdiction over a matter incident to an estate where no probate court has otherwise acquired jurisdiction over the estate, since the Probate Code does not grant the probate court exclusive jurisdiction over matters incident to an estate. V.A.T.S. Probate Code, § 5(c, d).

**6. Courts ⊜481**

General principle of non-interference in state court jurisdictional scheme prohibits a court from interfering with the final judgment of another court of equal jurisdiction.

**7. Appeal and Error ⊜4**
   **Judgment ⊜336**

Action to undo an incorrect former judgment must be brought in the court rendering the judgment or in a higher court.

**8. Declaratory Judgment ⊜273**

District court did not have jurisdiction over action which sought different construction of previously probated will, and thus sought to undo prior probate order entered by constitutional county court; heirs of sister of testator sought declaration that they were legal and beneficial owners of testator's property due to springing executory interest which was contained in will but which had not been accounted for in final probate order that settled, approved, and closed estate.

---

Adam Poncio, Law Offices of Cerda & Poncio, P.C., San Antonio, for appellant.

Frank R. Nye, Jr., Law Offices of Frank R. Nye, Jr., Rio Grande City, J.A. Tony Canales, Canales & Simonson, P.C., Corpus Christi, for appellee.

Sitting: TOM RICKHOFF, Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice.

**OPINION**

Opinion by: CATHERINE STONE, Justice.

Francisca Rodriguez Garza, Lilia R. Guerra, Eusebia R. Corona, Petra R. Rodriguez, and Apolinar Rodriguez (hereinafter collectively referred to as "appellants") appeal from a dismissal order from the 229th District Court of Starr County, dismissing their suit to construe a previously probated will for want of jurisdiction. Because a court is not permitted to interfere with the final judgment of another court of equal jurisdiction, we affirm the trial court's order of dismissal.

**FACTUAL AND PROCEDURAL BACKGROUND**

Appellants filed a declaratory action in the 229th District Court in Starr County to construe the previously probated will of their aunt Maria Lopez de Pena (hereinafter "Pena"), asserting that they are the legal owners of certain real property bequeathed in Pena's will. The property at issue consists of nine tracts of land, which have mineral interests. In their action, appellants also sought partition of the land to which they claim entitlement.

Pena's will, executed on January 22, 1943, provided in relevant part:

It is my will that all the rest and residue of my property, both real and personal and of any nature and kind whatsoever, and wherever situated of which I shall die seized and possessed, shall pass to and be vested in fee simple title to my nephew, Santiago Rodriguez, Jr., son of my sister Eusebia Lopez de Rodriguez, to be owned and enjoyed by him with God's and my blessings forever.... *But should he die without lawful issue of his body, then, and in that event, it is my will and wish that all of my aforesaid property shall pass to and be vested in fee simple in my sister, the said Eusebia Lopez de Rodriguez, her heirs and their descendants per stirpes.*

By this provision, Pena granted to Santiago a fee simple interest in her real property subject to a shifting executory interest in favor of Santiago's mother, Eusebia Lopez de Rodriguez, her heirs and their descendants per stirpes.

[1] Pena died on June 1, 1956; her will was presented for probate the following week in the constitutional county court of Starr County. On July 29, 1957, an order of final probate settling, approving, and closing Pena's estate was entered in the county court.[1] With respect to Santiago's interest, it provided that:

...is ... the ... full ... and ... is charging the administrator and closing the ...

[T]he remainder of the lands owned by Maria Lopez de Pena, including all funds in the bank, as well as all real estate and personal property were bequeathed and given to Santiago Rodriguez, Jr.....

The final probate order thus granted fee simple absolute title to the remainder of Pena's estate to Santiago; the final probate order did not account for the springing executory interest expressly stated in the will.

On October 19, 1984, Santiago died intestate, survived by his wife, Olivia Olivarez Rodriguez, and one adopted son, Gabriel Rodriguez. Because Santiago died without lawful issue,[2] appellants, Eusebia Lopez de Rodriguez's heirs, concluded that they became the legal owners of the real property Pena conditionally devised to Santiago through the 1943 will.

On July 8, 1986, appellants filed a declaratory action against Olivia Olivarez Rodriguez and Gabriel Rodriguez (hereinafter collectively referred to as "appellees") in the 229th district court of Starr County, asking the court to construe the will of Pena to declare them the legal and beneficial owners of Pena's property due to the springing executory interest, which they claim divested Santiago of his ownership. Appellants also requested the district court to partition the subject property among them. At the time of this filing, no probate matter concerning either Pena's estate or Santiago's estate was pending. On August 4, 1986, appellees filed a declaration of heirship in the county court at law of Starr County. That same day, appellees also filed in the district court their original answer and a motion to dismiss for lack of jurisdiction, which the trial court later granted. See Bailey v. Cherokee Cnty. Appraisal Dist., 862 S.W.2d (once a court has lost its jurisdiction over the proceeding ended, and it had no power to enter any further orders. See 17 M.K. Woodward & Ernest Smith, III, PROBATE AND DECEDENTS' ESTATES § 6 (Texas Practice 1971)).

2. At the time Pena executed her will, adopted children were not presumed to be considered "children" of their adoptive parents in wills

### STANDARD OF REVIEW

[2, 3] Because a challenge to jurisdiction presents a question of law, we review the trial court's determination of subject matter jurisdiction de novo. *See Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998), *cert. denied,* 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999). In conducting our review, we take as true the facts plead in appellants' petition and determine whether the petition supports jurisdiction in the trial court. *See Hernandez v. Texas Workers' Compensation Ins. Fund,* 946 S.W.2d 904, 906 (Tex.App.—Eastland 1997, no writ); *North Alamo Water Supply Corp. v. Texas Dep't of Health,* 839 S.W.2d 455, 457 (Tex.App.—Austin 1992, writ denied).

As noted, appellants requested the district court to construe the will of Pena to declare them the legal owners of the Pena's property due to the springing executory interest, which they claim divested Santiago of his ownership. In their petition, appellants also requested the district court to partition the subject property among them.

### ARGUMENTS ON APPEAL

Appellants argue that the district court erred in dismissing their suit to construe Pena's will because the district court has concurrent jurisdiction with the county court over matters "incident to an estate" when, as here, a probate matter is not pending in the county court. Construction of a will and issues of title are matters incident to an estate; thus, the district court had jurisdiction over the matters because the county court's probate jurisdiction had not been invoked. *Cf. Bank of Southwest Nat'l Assoc. v. Stehle,* 660 S.W.2d 532, 535 (Tex.App. (intent that title executed by third persons, unless the intent to include adopted children was expressed in the will or apparent through circumstances surrounding the execution of the will.) *Penland v. Agnich,* 940 S.W.2d 324, 325–26 (Tex.App.—Dallas 1997, writ denied) (citing *Hoch v. Hoch,* 140 Tex. 475, 481–82, 168 S.W.2d 638, 641 (1943)).

## GARZA v. RODRIGUEZ
Cite as 18 S.W.3d 694 (Tex.App.–San Antonio 2000)
**Tex. 697**

S.W.2d 572, 574 (Tex.App.-San Antonio 1983, writ ref'd n.r.e.) (suit for title filed in district court while administration of estate was pending in probate court was properly dismissed because probate court had acquired exclusive jurisdiction over cause of action incident to estate). Appellants further assert that the district court had jurisdiction to act because their pleadings requested the imposition of a constructive trust. See *Pope v. Garrett*, 147 Tex. 18, 211 S.W.2d 559, 561–62 (1948).

Appellees counter that the trial court properly dismissed the underlying action because in counties such as Starr County, where there is a county court at law exercising the jurisdiction of a probate court, all probate matters shall be filed and heard in such courts and the constitutional county court, rather than in the district courts. See TEX. PROB.CODE ANN. § 5(c) (Vernon Supp.2000). Appellees note that in section 5(c) counties, district court jurisdiction may be invoked by a proper transfer or by pleadings that clearly set out a cause of action and request for relief which the county court at law exercising the jurisdiction of a probate court cannot provide. See *Palmer v. Coble Wall Trust Co. Inc.*, 851 S.W.2d 178, 180 n. 3 (Tex.1992). Appellees note that the instant case does not involve a transfer situation; thus, they contend the district court's jurisdiction could be invoked only if appellants sought relief which the probate court could not grant. Appellees further argue that because the county court previously acquired jurisdiction over Pena's estate, the district court would be without authority to consider an attack on the county court's probate order.

### DISCUSSION

County courts have the general jurisdiction of a probate court. See TEX. CONST. art. V, § 16; TEX. PROB.CODE ANN. § 4 (Vernon Supp.2000). In most counties in Texas, the constitutional county courts ("county courts") act as the probate court.[3] As a probate court, county courts are empowered to:

[P]robate wills, grant letters testamentary and of administration, settle accounts of personal representatives, and transact all business appertaining to estates subject to administration or guardianship, including the settlement, partition, and distribution of such estates.

TEX. PROB.CODE ANN. § 4 (Vernon Supp. 2000). Historically, a probate court did not have the power to construe provisions of a will or decide matters of title because such matters were considered outside the purview of probate matters; they were considered matters incident to an estate. See *Langehennig v. Hohmann*, 139 Tex. 452, 163 S.W.2d 402, 405 (Tex. Comm'n App.1942, opinion adopted); *see* Statute Note, *Probate Code Section 5: Jurisdictional Expansion Through Redefinition: Is It Constitutional?*, 37 Baylor L.Rev. 291, 294 (1985) (general discussion regarding history of probate jurisdiction prior to 1973). The construction of a will or issues of title were thus general civil matters within the jurisdictional reach of the district courts. See TEX. CONST. art. V, § 8 (district court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases were exclusive, appellate, or original jurisdiction may be conferred by constitution or other law on some other court, tribunal, or administrative body); *Benson v. Greenville Nat'l Exch. Bank*, 253 S.W.2d 918, 925 (Tex.Civ.App.-Texarkana 1952, writ ref'd n.r.e.).

[4] In 1973, the county court's probate jurisdiction was expanded when the Legislature created the so-called statutory county court ("County Court at Law"), which has concurrent probate jurisdiction with the constitutional county court. See TEX. GOV'T CODE ANN. § 25.2161 (Vernon §[1988]. Starr County does not have a "statutory probate court." See id.

A county court at law exercising probate jurisdiction is not a statutory probate court unless the court is designated a statutory probate court under the Government Code. TEX. PROB.CODE ANN. § 3(ii) (Vernon Supp.2000); see also TEX. GOV'T CODE ANN. § 25.0003(f)

**698**  Tex.        **18 SOUTH WESTERN REPORTER, 3d SERIES**

lature undertook a two-step reform of probate jurisdiction. Statute Note, *Probate Code Section 5: Jurisdictional Expansion Through Redefinition: Is It Constitutional?*, 37 Baylor L.Rev. 291, 294–95 (1985). First, it proposed an amendment to article 5, section 8 of the constitution authorizing a statutory revision of probate jurisdiction. *Id.* at 295–96. Second, to carry out the proposed constitutional mandate, it amended section 5 of the Probate Code. As amended, section 5 expanded the jurisdiction of the county court in probate matters to allow it the power to hear all matters incident to an estate, including, but not limited to, an action to construe a will. *See* Tex. Prob.Code Ann. § 5(d) (Vernon Supp.2000). Section 5's clause "matter incident to an estate," however, will not create jurisdiction for the county court in the absence of a pending probate matter. *See Sumaruk v. Todd*, 560 S.W.2d 141, 144 (Tex.Civ.App.-Tyler 1977, no writ). Stated differently, before a matter can be regarded as incident to an estate over which the county court acting as a probate court would have jurisdiction, a probate proceeding must actually be pending. *See* 17 M.K. Woodward & Ernest Smith, III, Probate and Decedents' Estates § 6 (Texas Practice 1971) (West Supp.2000). As explained by the Supreme Court, a court empowered with probate jurisdiction may only exercise its probate jurisdiction over matters incident to an estate when a probate matter proceeding related to such matter is already pending. *Bailey v. Cherokee County Appraisal Dist.*, 862 S.W.2d 581, 585 (Tex.1993).

As noted, at the time appellants filed suit in the district court, no probate matter concerning either Pena's estate or Santiago's estate was pending. Appellants thus conclude that because a probate matter was not pending when appellants filed suit, and because appellants' suit concerns matters traditionally outside the scope of a probate court's jurisdiction, the district court had jurisdiction over the suit to construe the provisions of Pena's will. In support of this argument, appellants rely primarily upon *Crawford v. Williams*, 797

S.W.2d 184 (Tex.App.-Corpus Christi 1976, writ denied).

In *Crawford*, a will was admitted to probate in constitutional county court in 1968. *Crawford*, 797 S.W.2d at 184. In 1986, several heirs brought suit in the district court seeking a declaration that the will was null and void due to fraud, a partition of certain real property, an accounting of rents, royalties, and waste on the real property, and a distribution of the real property through the laws of intestacy. *Id.* The district court set aside the will, determined heirship, partitioned the real property, and ordered an accounting. *Id.* In sustaining a challenge that the district court lacked jurisdiction over the proceeding, the Corpus Christi Court of Appeals determined that because the county court had already acquired jurisdiction over the estate, and because the later action sought to set aside an already probated will, the district court, under the doctrine of noninterference, was prevented from exercising jurisdiction over the matter. *Id.* at 185–86. The fact that the action was a direct attack on the county court's order admitting the will to probate was compelling to the court. *See id.* at 186. The court also seemed to place much importance on the fact that under amended section 5 of the Probate Code, the county court would have the jurisdiction to hear the will contest. *See id.* at 185.

It is not clear from the facts of *Crawford* whether a final order of probate, which would close the estate and end the county court's jurisdiction over the proceeding, was entered. Appellants assume that the estate was not closed, and therefore argue that *Crawford* is consistent with the general rule that once the probate court has acquired jurisdiction over a probate matter, the district court lacks the power to act. They argue that since a probate matter was not pending in the instant case, the district court had jurisdiction to act.

At oral argument, appellants argued that *Gordy v. Alexander*, 550 S.W.2d 146 (Tex.Civ.App.-Amarillo 1977, writ ref'd

n.r.e), a case in which the Amarillo Court of Appeals determined that section 5 of the Probate Code did not divest the district court of jurisdiction to act in a suit to impose a constructive trust on assets of an estate where the will was previously probated, required reversal in the instant case. *Gordy*, 550 S.W.2d at 147–48.

[5, 6] We disagree with appellants' argument and their reliance upon *Crawford* and *Gordy* in the instant case. In fact, our reading of *Crawford* requires a result different from the one sought by appellants. Our disagreement with appellants' argument lies not in their general explanation of Texas probate jurisdiction, which is, "to say the least, [a] somewhat complex [scheme].". *Palmer*, 851 S.W.2d at 180 n. 3. We agree that under the current statutory scheme of probate jurisdiction, a district court can exercise jurisdiction over a matter incident to an estate where no probate court has otherwise acquired jurisdiction over the estate. This is so because section 5 of the Probate Code does not grant the probate court exclusive jurisdiction over matters incident to an estate. *See* TEX. PROB. CODE ANN. § 5(c), (d) (Vernon Supp. 2000). This jurisdictional scheme, however, would not allow a court to interfere with the final judgment of another court of equal jurisdiction. Our disagreement with appellants' argument concerns this general principle of non-interference. *See Crawford*, 797 S.W.2d at 186.

[7, 8] By this lawsuit, appellants seek a declaration that they are the legal and beneficial owners of Pena's property due to the springing executory interest contained in Pena's will. As previously noted, however, that future interest was not accounted for in the 1957 final probate order settling, approving, and closing Pena's estate. The final order, whether by mistake or design, unambiguously granted Santiago fee simple absolute title to the remainder of Pena's estate. That order was not challenged. The current action challenges

Pena's will that is contrary to what was previously determined, correctly or incorrectly, by the probate court. A court is not permitted to interfere with the final judgment of another court of equal jurisdiction. *See Pursley v. Ussery*, 937 S.W.2d 566, 568 (Tex.App.-San Antonio 1996, no writ). An action to undo an incorrect former judgment must be brought in the court rendering the judgment or in a higher court. *Id.* at 567. Because the instant action seeks to undo the prior probate order, the district court properly determined it did not have jurisdiction. *See Crawford*, 797 S.W.2d at 186. Accordingly, we overrule appellants' points of error, and affirm the order of the trial court.



John HERNANDEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 04-98-00664-CR.

Court of Appeals of Texas,
San Antonio.

Jan. 26, 2000.

Rehearing Overruled Feb. 11, 2000.

Defendant (DWI) submitted a plea bargain to a court of law, then appealed.

Defendant was convicted in the 290th Judicial District Court, Bexar County, Sharon MacRae, J., of felony driving while intoxicated (DWI), and he appealed. The Court of Appeals, Angelini, J., held that defendant could stipulate to previous DWI convictions to avoid having them read to

Exhibit C.

Cause No PR-19-018

and

Cause No PR-19-019

Filed: 3/4/2020 2:05 PM
Humberto Bert Gonzalez Jr
County Clerk
Starr County, Texas

Lilia Rodriguez

CAUSE NO. PR-19-018

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | IN THE COUNTY COURT |
| ESTATE OF | § | |
| SANTIAGO RODRIGUEZ JR. | § | AT LAW |
| | § | |
| DECEASED | § | STARR COUNTY, TEXAS |

## FINAL JUDGMENT

On February 20, 2020, the Court considered Respondents' motion for summary judgment and all attached evidence, and the arguments of Counsel. This motion is granted. Petitioner filed a motion for continuance. That motion is denied. Petitioner attempted to file a summary judgment response on the eve of submission. The Court did not grant leave to late-file a response, and the Court did not consider it.

The Court finds notice by publication has issued, and personal service has been served on all known interested parties. The Court finds and concludes it has personal and subject matter jurisdiction to render this judgment.

The Court finds and concludes this case is part of a long-running dispute over title to the same nine tracts of real property devised by Maria Lopez de Pena to Santiago Rodriguez Jr. that has repeatedly been the subject of litigation in this Court. *In re Estate of Rodriguez v. Rodriguez*, 2009 WL 2264359 (Tex. App.–San Antonio 2009, pet. denied) ("*Garza IV*"); *Olivia Rodriguez v. Garza, et al.*, No. 04-06-00139-CV, 2007 WL 2116411 (Tex. App.–San Antonio July 25, 2007, pet. denied) ("*Garza III*"); and *Garza v. Olivia Rodriguez*, 87 S.W.3d 628 (Tex. App.–San Antonio 2002, pet. denied) ("*Garza II*").

On December 8, 2005, in Cause No. PR-98-37(B), this Court rendered judgment that Olivia Rodriguez did not own any right, title, or interest in these tracts, and the true and sole owners of these tracts were Francisca Rodriguez Garza, Apolinar Rodriguez, Lilia R. Guerra, Petra

Rodriguez, and Eusabia R. Corona, and their heirs, successors and assigns. This judgment was upheld by the Fourth Court of Appeals on July 25, 2007, in *Olivia Rodriguez and Gabriel Rodriguez v. Francisca Rodriguez Garza, et al.*, Cause No. 04-06-00139-CV; 2007 WL 2116411 (Tex. App.—San Antonio 2007, pet. denied).

The Court further finds another prior effort to relitigate title was attempted in this Court in PR-86-19, and that was denied. *Estate of Rodriguez v. Rodriguez*, Cause No. 04-08-00230-CV; 2009 WL 2264359 (Tex. App.—San Antonio 2009, pet. denied).

Accordingly, the Court finds and determines this lawsuit is a vexatious and harassing attempt to interfere with these prior judgments with a mirror image litigation in this case.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that summary judgment is granted. Olivia Rodriguez shall take nothing.

IT IS FURTHER ORDERED, ADJUDGED, DECLARED AND DECREED that the true, sole, and lawful owners of these nine tracts of real property are the heirs, successors, and assigns of Francisca Rodriguez Garza, Apolinar Rodriguez, Lilia R. Guerra, Petra Rodriguez, and Eusabia R. Corona including Respondents, and Craig S. Smith and CAAMR Investments, LLC Series B.

IT IS FURTHER ORDERED, ADJUDGED, DECLARED, AND DECREED that Olivia Rodriguez, and all persons in active concert or participation with her who receive actual notice of this judgment, are enjoined and shall not file or prosecute any future lawsuits that attempt to relitigate any title to real property that has already been determined by this Court between the parties identified in this judgment.

THIS JUDGMENT IS FINAL: All relief not expressly granted is denied. Olivia Rodriguez shall take nothing. This is a final, appealable judgment. This judgment fully and finally disposes

of every claim that was brought or could have been brought by any party that was served with citation or is bound by notice by publication.  It is this Court's intention to render a judgment that is final in every respect for every purpose and to finally resolve all claims.

Signed on this _____4th_____ Day of March , 2020

PRESIDING JUDGE

I CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL
FILED IN MY OFFICE.
Purcshing Scott Gonzalez, Jr.
County Clerk
Bryan-Brazos, Texas

BY: _____
DEPUTY CLERK
DATE: _____

Filed: 3/4/2020 2:06 PM
Humberto Beni Gonzalez Jr
County Clerk
Starr County, Texas

Lilia Rodriguez

CAUSE NO. PR-19-019

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | IN THE COUNTY COURT |
| | § | |
| ESTATE OF MARIA LOPEZ DE PENA | § | AT LAW |
| | § | |
| Deceased, | § | STARR COUNTY, TEXAS |

## FINAL JUDGMENT

On February 20, 2020, the Court considered Respondents' motion for summary judgment and all attached evidence, and the arguments of Counsel. This motion is granted. Petitioner filed a motion for continuance. That motion is denied. Petitioner attempted to file a summary judgment response on the eve of submission. The Court did not grant leave to late-file a response, and the Court did not consider it.

The Court finds notice by publication has issued, and personal service has been served on all known interested parties. The Court finds and concludes it has personal and subject matter jurisdiction to render this judgment.

The Court finds and concludes this case is part of a long-running dispute over title to the same nine tracts of real property devised by Maria Lopez de Pena to Santiago Rodriguez Jr. that has repeatedly been the subject of litigation in this Court. *In re Estate of Rodriguez v. Rodriguez*, 2009 WL 2264359 (Tex. App.–San Antonio 2009, pet. denied) ("*Garza IV*"); *Olivia Rodriguez v. Garza, et al.*, No. 04-06-00139-CV, 2007 WL 2116411 (Tex. App.–San Antonio July 25, 2007, pet. denied) ("*Garza III*"); and *Garza v. Olivia Rodriguez*, 87 S.W.3d 628 (Tex. App.–San Antonio 2002, pet. denied) ("*Garza II*").

On December 8, 2005, in Cause No. PR-98-37(B), this Court rendered judgment that Olivia Rodriguez did not own any right, title, or interest in these tracts, and the true and sole owners of these tracts were Francisca Rodriguez Garza, Apolinar Rodriguez, Lilia R. Guerra, Petra

Rodriguez, and Eusabia R. Corona, and their heirs, successors and assigns. This judgment was upheld by the Fourth Court of Appeals on July 25, 2007, in *Olivia Rodriguez and Gabriel Rodriguez v. Francisca Rodriguez Garza, et al.*, Cause No. 04-06-00139-CV; 2007 WL 2116411 (Tex. App.--San Antonio 2007, pet. denied).

The Court further finds another prior effort to relitigate title was attempted in this Court in PR-86-19, and that was denied. *Estate of Rodriguez v. Rodriguez*, Cause No. 04-08-00230-CV; 2009 WL 2264359 (Tex. App.--San Antonio 2009, pet. denied).

Accordingly, the Court finds and determines this lawsuit is a vexatious and harassing attempt to interfere with these prior judgments with a mirror image litigation in this case.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that summary judgment is granted. Olivia Rodriguez shall take nothing.

IT IS FURTHER ORDERED, ADJUDGED, DECLARED AND DECREED that the true, sole, and lawful owners of these nine tracts of real property are the heirs, successors, and assigns of Francisca Rodriguez Garza, Apolinar Rodriguez, Lilia R. Guerra, Petra Rodriguez, and Eusabia R. Corona including Respondents, and Craig S. Smith and CAAMR Investments, LLC Series B.

IT IS FURTHER ORDERED, ADJUDGED, DECLARED, AND DECREED that Olivia Rodriguez, and all persons in active concert or participation with her who receive actual notice of this judgment, are enjoined and shall not file or prosecute any future lawsuits that attempt to relitigate any title to real property that has already been determined by this Court between the parties identified in this judgment.

THIS JUDGMENT IS FINAL: All relief not expressly granted is denied. Olivia Rodriguez shall take nothing. This is a final, appealable judgment. This judgment fully and finally disposes

of every claim that was brought or could have been brought by any party that was served with citation or is bound by notice by publication. It is this Court's intention to render a judgment that is final in every respect for every purpose and to finally resolve all claims.

Signed on this _4th_ _Day of March_ , _2020_

_____
PRESIDING JUDGE

I CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL
FILED IN MY OFFICE

Humberto "Bert" Gonzalez, Jr
Chancy Clerk
Starr County, Texas

BY: _____
DEPUTY CLERK

DATE: 3 3 2022